UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

KATHRYN C. CANDELL                                                                                    PLAINTIFF

v.                                                                          CIVIL ACTION NO. 3:06-CV-351-S

JOHN E. POTTER, POSTMASTER GENERAL                                            DEFENDANT

### MEMORANDUM OPINION

This matter is before the court upon motion of the defendant John E. Potter, the Postmaster General of the United States Postal Service ("Postal Service"), to dismiss, or in the alternative for summary judgment (DN 19).

### BACKGROUND

The plaintiff, Kathryn C. Candell ("Candell"), is a current employee of the Postal Service. At the time of the events giving rise to her claims, Candell was employed as a clerk in the mail processing unit at the Processing and Distribution Center in Louisville, Kentucky. Candell claims that she was discriminated and retaliated against when she received letters of warning on October 21, 2003, and November 17, 2003. Candell received the October letter of warning for unsatisfactory performance after she was seen improperly "jogging" the mail.[1] She received the November letter of warning for failure to follow instructions after she refused to retrieve a rolling cart of empty equipment after being instructed to do so by her supervisor.

After receiving the letters of warning, Candell filed an EEO complaint claiming that she was discriminated against on the basis of her race (Caucasian), color (white), religion (Episcopal), sex (female), and age (48), and retaliated against for prior EEO activity. The EEOC concluded that Candell was not discriminated or retaliated against by the Postal Service and the decision was affirmed on appeal.

---

[1] Mail is jogged, or shaken, to ensure separation and evenness before being placed in a sorter machine.

Candell then filed this action against the Postal Service asserting claims for discrimination and retaliation on the bases alleged in her EEO complaint under the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. 2000(e), *et seq.*, and the Age Discrimination in Employment Act of 1967, ("ADEA"), 29 U.S.C. § 621, *et seq.*

## DISCUSSION

The Postal Service has filed a motion to dismiss or, in the alternative, for summary judgment. Because the parties have submitted, and the court has considered, evidence outside the pleadings in considering this motion, it will be treated as a motion for summary judgment. *See* Fed.R.Civ.P. 12(d).

A party moving for summary judgment has the burden of showing that there are no genuine issues of fact and that the movant is entitled to summary judgment as a matter of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 151-60, 90 S. Ct. 1598, 16 L. Ed. 2d 142 (1970); *Felix v. Young*, 536 F.2d 1126, 1134 (6th Cir. 1976). Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2510 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. *Id.* The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968). The evidence must be construed in a light most favorable to the party opposing the motion. *Bohn Aluminum & Brass Corp. V. Storm King Corp.*, 303 F.2d 425 (6th Cir. 1962).

**Race, Color, Religion, and Sex Discrimination**

Title VII makes it "an unlawful employment practice for an employer... to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). In the absence of direct evidence establishing race, color, religion, or sex discrimination, Candell relies upon the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) to prove her discrimination claims. Under this model, Candell must first establish a *prima facie* case by showing that: (1) she is a member of a protected class; (2) she suffered an adverse employment action; (3) she was qualified for the position; and (4) she was treated differently than similarly situated individuals outside of her protected class for the same or similar conduct. *Id.* at 802. The burden of production then shifts to the Postal Service to provide a legitimate, nondiscriminatory reason for its action. *Id.* If the Postal Service carries this burden, Candell must then prove by a preponderance of the evidence that the proffered reasons were merely pretext for discrimination. *See Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981); *Manzer v. Diamond Shamrock Chem. Co.*, 29 F.3d 1078, 1084 (6th Cir. 1994). The ultimate burden of persuasion remains at all times with Candell. *Burdine*, 450 U.S. at 253.

Candell has failed to establish a *prima facie* case of discrimination on the basis of either race, color, religion, or sex. The second prong of a *prima facie* case of discrimination requires Candell to establish that she suffered a "materially adverse" employment action. *Tepper v. Potter*, 505 F.3d 508, 515 (6th Cir. 2007). In the context of a discrimination claim, a materially adverse employment action is:

> a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Burlington Indus. v. Ellerth*, 524 U.S. 742, 761, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998). Such a change "must be more disruptive than a mere

> inconvenience or an alteration of job responsibilities. A materially adverse change might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation."

*Id.* (quoting *Ford v. Gen. Motors Co.*, 305 F.3d 545, 553 (6th Cir. 2002); *Hollins v. Atlantic Co.*, 188 F.3d 652, 662 (6th Cir. 1999)).

Candell refers to the letters of warning she received in October and November of 2003 as "negative job actions" but has offered no evidence establishing that the letters of warning resulted in a significant change in her employment status. Absent this evidence, Candell cannot establish that she suffered an adverse employment action and, therefore, cannot establish a *prima facie* case of discrimination on the basis of race, color, religion, or sex. *See Zanders v. Potter*, 223 Fed.Appx. 470 (6th Cir. 2007) (letter of warning did not constitute an adverse employment action of the type necessary to establish a *prima facie* case of discrimination because the letter of warning did not result in a loss of position, salary, benefits, or prestige). Accordingly, the court will grant the Postal Service's motion for summary judgment as to Candell's claims for discrimination in violation of Title VII on the basis of race, color, religion, and sex, and such claims will be dismissed.

Even assuming *arguendo* that Candell is able to establish all of the elements of her *prima facie* case, she has failed to establish that the Postal Service's legitimate, nondiscriminatory reasons for issuing her the letters of warning, namely unsatisfactory performance and failure to follow instructions, were pretext for discrimination. To establish pretext Candell must prove by a preponderance of the evidence that the proffered reasons: (1) had no basis in fact; (2) did not actually motivate the issuance of the letters of warning; or (3) were insufficient to motivate the issuance of the letters of warning. *Manzer*, 29 F.3d at 1084. Candell does not dispute that she violated Postal Service policy by improperly jogging mail and not following her supervisor's instruction. With respect to the letter of warning for unsatisfactory

performance, Candell has offered nothing more than her assertion that African-American male employees were not disciplined for improperly jogging mail. This unsupported assertion is not sufficient to prove by a preponderance of the evidence that the Postal Service's reason for issuing this letter of warning was pretext for discrimination. With respect to the letter of warning for failure to follow instructions, Candell again simply offers her assertion that other employees were not treated in the same manner. Again, such an unsupported assertion is not sufficient to establish pretext. Candell also asserts that the supervisor issuing the letters of warning is a Baptist and has told her on numerous occasions that she needed to go to church. This does not establish pretext. As Candell has not met her burden in combating the Postal Service's legitimate, nondiscriminatory reasons, summary judgment in favor of the Postal Service as to Candell's discrimination claims is appropriate on this basis as well.

**Retaliation**

Title VII also makes it unlawful for an employer to discriminate against an employee "because [the employee] has opposed [violations of Title VII], or because [the employee] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3(a). The *McDonnell Douglas* burden-shifting framework is applicable to Candell's claim of retaliation. Candell must first establish a *prima facie* case by showing that: (1) she engaged in activity protected by Title VII; (2) the Postal Service was aware of her exercise of the protected activity; (3) the Postal Service took an adverse action against her that a reasonable employee would have found materially adverse; and (4) there was a causal connection between the protected activity and the adverse employment action. *Watson v. City of Cleveland*, 202 Fed.Appx. 844, 855 (6th Cir. 2006).

Candell has failed to establish her *prima facie* case. Candell contends that she engaged in protected activity because she was named as a witness on an EEO complaint filed by a co-worker.

Assuming that being named as a witness on an EEO complaint constitutes activity protected by Title VII, and assuming that the letters of warning are materially adverse under the standard set forth in *Burlington Northern & Sante Fe Railway v. White*, 548 U.S. 53 (2006),[2] Candell has failed to present any evidence establishing a causal connection between the protected activity and the adverse employment action. Accordingly, she cannot establish a *prima facie* case of retaliation. Moreover, Candell she also failed to present evidence from which the court can conclude that the Postal Service's legitimate, nondiscriminatory reason for issuing the letters of warning were pretext. The Postal Service's motion for summary judgment as to Candell's retaliation claim will, therefore, be granted, and such claim will be dismissed.

**Age Discrimination**

Candell has provided no evidence or argument with respect to her age discrimination claim. Candell has not so much as mentioned her age discrimination claim or the ADEA in her response to the Postal Service's motion. The court will conclude that Candell has abandoned this claim, or otherwise failed to respond and create a genuine issue of material fact as to this claim. As a result, the Postal Service is entitled to summary judgment as to Candell's age discrimination claim. *See Botnick v. Zimmer, Inc.*, 484 F.Supp.2d 715, 723 (N.D.Ohio 2007) (granting the defendant's motion for summary judgment on claims that plaintiffs failed to respond to or address in their memorandum in opposition).

A separate order will be entered herein this date in accordance with this opinion.

---

[2]In *Burlington Northern*, the Supreme Court expanded the definition of adverse employment action in the context of a retaliation claim to include any action which might dissuade "a reasonable worker from making or supporting a charge of discrimination." *Burlington Northern*, 548 U.S. at 68 (2006).